Dear Mr. Shostak:
This opinion is in response to your question asking:
 "In light of the conclusion in Attorney General's Opinion No. 253 dated September 12, 1972, are appointments by the Governor to the Public Defender Commission, as provided for in § 600.015 R.S.Mo., Supp. 1976, subject to the advice and consent of the Senate, under Article 4, Section 51 of the Constitution?"
You also state:
 "The Public Defender Commission was created by amendments to Chapter 600 R.S.Mo. in 1976 and was not placed within the executive department. The Commission's staff, by law (§ 600.015) is within the judicial department and the majority of the members of the Commission are appointed within the judicial department."
As you have noted the Public Defender Commission was created pursuant to the laws of 1976, Section 600.015, RSMo Supp. 1976. Subsection 2 of that section provides:
 "There is hereby created the `Public Defender Commission' to be comprised of seven members: Two to be appointed by the governor, one of whom shall be a lawyer, three to be appointed by the supreme court, one of whom shall be a member of the court, and of the other two one of whom shall be a lawyer and two to be appointed by the appellate judicial commission, one of whom shall be a lawyer."
Subsection 6 of Section 600.015 provides:
 "The state court administrator shall supply staff and support services for the commission."
It is clear that the function of the commission is to appoint defenders for each circuit in which an office is authorized under Sections 600.010 to 600.165. The commission also has authority to discipline and remove public defenders under Section 600.026, RSMo Supp. 1976 and to make rules for the administration of the system of public defenders under Section 600.165, RSMo Supp. 1976. Commission members receive no salaries but receive their actual and necessary expenses incurred in connection with the performance of their duties. We note that Section 600.015 provides that the state court administrator shall supply staff and supporting services for the commission. We find no law which purports to assign the Public Defender Commission to any state executive department.
When the Public Defender Law was first enacted in 1972, Section600.015 then required the Appellate Judicial Commission (created pursuant to Section 29(d) of Article V of the Constitution of Missouri) to appoint public defenders.
In our Opinion No. 253-1972 copy enclosed, this office concluded that the provisions of Section 51 of Article IV of the Missouri Constitution which requires Senate confirmation of appointments by the Governor, relate only to state executive branch officials. Therefore, to answer your question, we must determine whether the Public Defender Commission is a commission subject to the provisions of Section 51 of Article IV. Clearly there is no express statutory provision requiring that such appointments be confirmed by the Senate.
We conclude from the manner in which the commission is established and from the nature of its functions that the commission is not an executive branch commission and therefore, the members appointed by the governor to the commission are not subject to the Senate confirmation required by Section 51 of Article IV of the Constitution with respect to state executive branch officials.
CONCLUSION
It is the opinion of this office that appointments by the Governor to the Public Defender Commission do not require Senate approval.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Op. No. 253-1972